## Cindy Lynn REVERE, Plaintiff–Appellant,

v.

WILMINGTON FINANCE, a division of AIG, Federal Savings Bank; Devon Title Agency; Country Wide Home Loans; Bank of New York, as Trustee; Mortgage Electronic Registration Systems, Defendant–Appellees.

No. 09–2224.

United States Court of Appeals, Sixth Circuit.

Jan. 12, 2011.

Before: NORRIS, COLE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.

Cindy Lynn Revere lost ownership and possession of her home through non-judicial foreclosure and subsequent eviction proceedings in state court. She thereafter filed a pro se complaint in federal court, seeking to invalidate the foreclosure, the deeds transferring ownership to the property, and the state-court eviction judgment. The defendants moved to dismiss Revere's complaint on jurisdictional grounds and for failure to state a claim.

The district court granted the motion for three reasons: first, the court lacked subject-matter jurisdiction over the case; second, the *Rooker–Feldman* doctrine precluded adjudication of Revere's claims in federal court; and third, her claims were barred by res judicata. The district court then dismissed Revere's claims with prejudice. She brought this appeal.

█ The jurisdictional issue is dispositive. We agree with the district court that it lacked diversity jurisdiction over the case because a non-diverse party (Devon Title) is a party to it. And we agree that the court lacked federal-question jurisdiction because Revere's complaint does not contain a federal claim against any defendant. *See Am. Fed'n of Television and Radio Artists, AFL–CIO v. WJBK–TV*, 164 F.3d 1004, 1007 (6th Cir.1999) ("Merely referring to a federal statute … does not establish federal jurisdiction" (citation and quotation marks omitted)).

█ But Revere is correct to say that the district court erred by dismissing her claims with prejudice. Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case. *See Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir.2005). It is true that, in rare cases where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct." *Id.* But there was no finding of misconduct here.

The dismissal of Revere's claims should be without prejudice. We modify the dis-

trict court's judgment accordingly, and as modified, we affirm it.